IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KEVAN M. TREWARTHA,   CASE NO. 2:07-cv-981
                                        JUDGE HOLSCHUH
    Petitioner,   MAGISTRATE JUDGE ABEL

v.

TIMOTHY BRUNSMAN, Warden,

    Respondent.

## OPINION AND ORDER

On February 4, 2009, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed. Petitioner now requests a stay of proceedings so that he may return to the state courts to exhaust a claim that his sentence violates *State v. Colon*, 118 Ohio St.3d 26 (20008). *See Motion for Stay*, Doc. No. 11. For the reasons that follow, petitioner's request for a stay is **DENIED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

As a preliminary matter, the Court notes that petitioner has not asserted in this habeas corpus petition a claim that his sentence violates *State v. Colon, supra*. Rather, petitioner asserts that he was denied the effective assistance of appellate counsel and that re-sentencing by the trial court violated due process and the Ex Post Facto Clause. In any event, the record does not indicate that a stay of proceedings is appropriate.

> Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. *See Lundy*, 455 U.S., at 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (the total exhaustion requirement was not intended to "unreasonably impair the prisoner's right to relief"). In such a case, the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. For the same reason, if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief. *See id.,* at 520, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (plurality opinion) ("[A petitioner] can always amend the petition to delete the unexhausted claims, rather than returning to state court to exhaust all of his claims").

*Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Petitioner has not met this standard here. He fails to explain why he has not attempted, to date, to present a claim under *Colon* to the state courts. Further, it does not appear that such a claim is potentially meritorious. The

Ohio Supreme Court has held that *Colon I, supra*, applies prospectively only, and to cases pending on April 9, 2008, when *Colon I*, was decided. *State v. Colon,* 119 Ohio St.3d 204 (2008). The Ohio Supreme Court, however, denied petitioner's re-sentencing appeal on June 6, 2007, long before that date. *State v. Trewartha*, 114 Ohio St.3d 1413 (2007).

Therefore, petitioner's request for a stay is **DENIED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.**

**IT IS SO ORDERED.**

Date: March 5, 2009                                          **/s/ John D. Holschuh**
                                                             JOHN D. HOLSCHUH
                                                             United States District Judge